IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA SENEGAL MUHAMMAD,

      Plaintiff,                           No. CIV S-09-2008 MCE GGH P

    vs.

D.K. SISTO,

      Defendant.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the amended complaint filed September 1, 2009. For the following reasons, the court recommends that this action be dismissed.

        Named as defendants are Warden Sisto, Appeals Coordinators Moore and Cervantes and Chief of Appeals Grannis. Plaintiff alleges that because he is Muslim, he does not eat or touch pork. Plaintiff alleges that he is forced to cell with inmates who eat pork in violation of the Eighth Amendment. Plaintiff also alleges that his religion prohibits him from taking any non-Muslim as friends. Plaintiff alleges that his Eighth Amendment rights are violated when he is forced to share a cell with a non-Muslim inmate. Plaintiff also alleges that "infidels," i.e. non-Muslims, practice sodomy. Plaintiff alleges that he cannot pray around these "infidels" in violation of the Eighth Amendment. Plaintiff also alleges that because he is celled with non-

1

1 Muslims, he cannot pray five times a day or engage in religious studies in violation of the Eighth
2 Amendment.  Plaintiff also alleges that many Muslims have been attacked while praying.
3           To constitute cruel and unusual punishment in violation of the Eighth
4 Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain ...."
5 Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981).  Plaintiff has not stated a
6 colorable Eighth Amendment claim because he does not allege that defendants inflicted pain on
7 him by forcing him to share a cell with a non-Muslim.  While plaintiff alleges that many
8 Muslims have been attacked while praying, he does not allege that he, himself, has been attacked
9 while praying.
10          In the original complaint, plaintiff raised the same factual allegations but alleged
11 violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act
12 (RLUIPA).  The court found that plaintiff did not state a colorable claim under the First
13 Amendment or RLUIPA because he did not allege how being housed with inmates who eat pork,
14 practice different religions or practice sodomy prevented him from engaging in conduct that he
15 sincerely believed was consistent with his faith.  The amended complaint does not cure this
16 pleading defect.  Rather, plaintiff again alleges in a conclusory fashion that being housed with a
17 non-Muslim violates his religion, but does not specifically explain how this circumstance
18 actually prevents him from praying.  While plaintiff alleges that his religion requires that he
19 cannot be friends with non-Muslims, a claim which the court highly doubts, plaintiff is not
20 required to be friends with any cellmate, Muslim or non-Muslim.  Plaintiff does not explain how
21 sharing a cell with an inmate who eats pork violates his right to practice his religion.
22 Accordingly, plaintiff is not granted leave to amend to state a colorable claim pursuant to the
23 First Amendment or RLUIPA.
24          In essence, plaintiff alleges that he requires segregated housing limited to
25 Muslims.  This fanciful claim has everything to do with his own desire to discriminate, and
26 nothing  to do with bona fide practice of religion.  See Johnson v. California, 543 U.S. 499, 125

S.Ct. 1141 (2005) (prisons may not segregate prisoners absent compelling justification).

Plaintiff alleges that defendants Moore, Cervantes and Grannis violated his First Amendment right to petition the government by failing to process his administrative grievances regarding being housed with non-Muslims.

To the extent these allegations suggest a due process claim, inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)).

To the extent plaintiff alleges a violation of his right to access the courts, plaintiff must show that he suffered an actual injury as a result of defendants' refusal to process the grievances.  Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996).  Plaintiff does not allege that he was unable to contact the courts as a result of defendants' alleged failure to process his administrative grievances.  Nor does plaintiff allege that any action based on the claims raised in the administrative grievances was dismissed by a court as a result of defendants' failure to process his grievances.  For these reasons, the court finds that plaintiff has not alleged an actual injury.

Because plaintiff has been given adequate opportunity to cure the pleading defects, the court recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failing to state a colorable claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

\\\\\

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2009                    /s/ Gregory G. Hollows

                                                          UNITED STATES MAGISTRATE JUDGE

muh2008.ame